## Merryman v. Parker.

Feb. 19, 1946.

J. A. Edge for appellant.

Leer Buckley for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Reversing.

Appellee filed this claim and delivery action seeking to be declared the owner and entitled to the immediate possession of a certain automobile allegedly wrongfully withheld from her by appellant. By answer and counterclaim, appellant entered a general denial, and affirmatively alleged that, as executrix of her husband's estate, she was the owner of the automobile, by reason of a bill of sale executed to appellant's decedent by appellee and duly recorded in the office of the Clerk of the Fayette County Court. She filed the bill of sale with, and made it a part of, her answer and counter claim. The affirmative allegations of the answer were traversed in the reply, which was not verified.

Since the genuineness of the written instrument upon which appellant relies in proof of her ownership

of the automobile was not denied by affidavit before the trial was begun, appellant was entitled to have it read as genuine against appellee. Sec. 527, Civil Code of Practice; McGlone v. Smith, 293 Ky. 131, 168 S. W. 2d 566. The only evidence introduced to invalidate the bill of sale was the testimony of appellee, wherein she stated that it was not the intention of the parties to the writing that it should pass title to the automobile; but that the true intention was to avoid possible future liability against appellee, in the event the automobile should become involved in an accident. This was testimony of an interested party concerning a transaction with a person who was dead, in contravention of Section 606, Subsection 2, of the Civil Code of Practice. The Court should have sustained the objection to the introduction of this testimony, and sustained appellant's motion for a peremptory instruction.

The judgment is reversed.